T. R. GARITY *v.* ELIAS F. WILDER AND ELVIRA D. WILDER.

[In Chancery.]

*Married Woman. Husband. Practice.*

1. The bill was first dismissed on demurrer; then an amendment was allowed, but the case made by the master's report was not as strong as that made by the bill; *Held,* that the rule that the court will not reverse its decision in the same cause applies.

2. The bill alleged, that the materials used in the erection of the wife's house were procured by the husband at the request of the wife, that the orator supposed the house was owned by the husband, and that, through this misunderstanding as to the title, the charges were made to the husband; *Held,* on demurrer, that a bill, brought to compel payment of the wife, should be dismissed.

BILL IN CHANCERY. Heard on a master's report, June Term, 1883, Caledonia County, Ross, Chancellor. Bill dismissed.

*Cahoon & Hoffman,* for the orator.

*Belden & Ide* and *Stafford,* for the defendants.

The opinion of the court was delivered by

TAFT, J. The original bill in this cause seeks to charge the property of the female defendant with the payment for certain materials and labor, furnished by the orator, in the erection of a dwelling-house in Lowell, Mass. The bill alleges, that the materials and labor were procured of the orator by Elias F. Wilder, at the request of his wife, Elvira, and that the orator at the time supposed that Elias was the owner of the house, and that the original charges were made to said Elias' through the orator's misunderstanding as to the title of the property. Upon demurrer to the origi-

nal bill, it was adjudged by this court—Gen. Term, Oct. 1881—that upon the facts alleged the orator was not entitled to relief; but he was allowed to amend his bill, and the cause now stands upon the report of a master, who finds that the materials and labor were purchased upon the credit of Elias, that Elvira did not pledge her credit in the matter, nor did she authorize any one to do so. The case, therefore, as made by the report, is not as strong as the one made by the original bill, and as the question made by the bill has already been adjudicated between these parties, the rule that the court will not reverse a decision made in the same cause, applies; and the result is, that the decree of the Court of Chancery is affirmed, and cause remanded, with a mandate that the bill be dismissed.